[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14871
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00179-KOB-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL DAVIS BAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 27, 2015)

Before JORDAN, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Russell Davis Bailey appeals his final order of forfeiture.  After Mr. Bailey pled guilty to one count of bank theft in violation of 18 U.S.C. § 2113(b), the district court ordered Mr. Bailey to forfeit $66,613.63 — an amount equal to what Mr. Bailey embezzled from his employer, First Partners Bank — to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Prior to being indicted, Mr. Bailey had voluntarily paid $65,500 to First Partners Bank.  As part of his judgment, Mr. Bailey was also ordered to pay the remaining $1,113.63 to the Bank in restitution.

On appeal, Mr. Bailey argues ordering him to pay forfeiture, after he voluntarily paid restitution, is against public policy.  Mr. Bailey further argues the substitute property forfeiture provision is inapplicable in this case because the proceeds of his crime are now with the victim, First Partners Bank, and to "the extent that the Government claims that it has some entitlement to that money, the Government knows exactly where to find it."  Appellant's Br. at 5.

We review *de novo* a district court's legal conclusions regarding forfeiture. *See United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003).  For the reasons which follow, we affirm the district court's forfeiture order.

According to the applicable civil forfeiture statute, 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation" of a qualifying offense is subject to forfeiture to the

2

United States.  18 U.S.C. § 981(a)(1)(C) (alteration added).  Among the qualifying offenses for which the statute authorizes forfeiture is a violation of 18 U.S.C. § 2113, involving bank theft.  *See* 18 U.S.C. §§ 981(a)(1)(C) & 1956(c)(7)(D).

As we have explained, 28 U.S.C. § 2461(c) "make[s] criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized."  *United States v. Padron*, 527 F.3d 1156, 1161–62 (11th Cir. 2008) (alteration added; citation omitted).  "If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case . . . ."  28 U.S.C. § 2461(c) (alteration added).

Under § 2461(c), the procedures for criminal forfeitures are governed by 21 U.S.C. § 853.  In turn, § 853(p) allows the forfeiture of "substitute property" in certain situations, including when the defendant's actions have caused the property subject to forfeiture to be "transferred or sold to, or deposited with, a third party," "substantially diminished in value," or "commingled with other property which cannot be divided without difficulty."  21 U.S.C. § 853(p)(1).  In such a case, "the court shall order the forfeiture of any other property of the defendant, up to the value" of the original property subject to forfeiture.  *Id.* § 853(p)(2).  Once funds have been ordered forfeited, the Attorney General is authorized, in her discretion,

3

to retain the forfeited property rather than transfer it as restoration to the victim of the offense. *See* 18 U.S.C. § 981(e)(6).

Turning first to Mr. Bailey's public policy argument against paying both forfeiture and restitution, we have refused to offset the required forfeiture by restitution already paid to victims, recognizing that forfeiture and restitution are separate concepts serving different goals. *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344 (11th Cir. 2009) (rejecting argument that appellant's forfeiture amount should be reduced because she had already paid restitution to the other victims, noting, "[a]lthough 'this might appear to be a 'double dip,' restitution and forfeiture serve different goals.'") (brackets added and omitted) (quoting *United States v. Leahy*, 464 F.3d 773, 793 n.8 (7th Cir. 2006)); *United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014) ("We have held that a defendant is not entitled to offset the amount of restitution owed to a victim by the value of property forfeited to the government, *or vice versa*, because restitution and forfeiture serve distinct purposes.") (emphasis added; citations omitted). "While restitution seeks to make victims whole by reimbursing them for their losses, forfeiture is meant to punish the defendant by transferring his ill-gotten gains to the United States Department of Justice . . . ." *Joseph*, 743 F.3d at 1354 (alteration added; citations omitted). Consistent with this principle, we have held that pre-

4

indictment, voluntary restitution does not affect the amount of any forfeiture. *See United States v. Browne*, 505 F.3d 1229, 1280–81 (11th Cir. 2007).

Having concluded that our precedent mandates the order of forfeiture here, and that the amount of forfeiture is not to be offset by Mr. Bailey's voluntary restitution, we turn to Mr. Bailey's argument against the applicability of the substitute property forfeiture provision. Mr. Bailey claims that the government knows the disposition of the stolen property, and that he is not alleged to have comingled the money, hidden the money, or used the money to buy real or personal property that needs to be liquidated. This representation appears to be in direct contrast to the government's contention it is unable to trace the location of the stolen funds because once Mr. Bailey transferred the funds out of the bank, into his personal accounts, and to a credit card company to pay off his debts, the funds were transferred to a third-party and commingled with other property. Indeed, Mr. Bailey's plea agreement reflects his admission to using approximately $60,000.00 of the embezzled funds toward paying his personal credit card accounts. The government therefore maintains the substitute property forfeiture provisions, 21 U.S.C. § 853(p)(1)(B) and (E), are applicable.

The final order of forfeiture permits the government to move, pursuant to Federal Rule of Criminal Procedure 32.2(e), to amend the order to apply to substitute property to satisfy the forfeiture money judgment in whole or in part. As

5

of yet, however, the government has not taken any action to enforce the forfeiture judgment and the district court has not ruled on the question of whether the property has been transferred to a third party, or become so commingled that it may not be forfeited directly such that substitute property must be forfeited instead. Thus, the issue is not ripe at this time.

In sum, the district court did not err in ordering forfeiture in the amount of $66,613.63.  Accordingly, we affirm the forfeiture order.

**AFFIRMED**.